**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 3, 2009

Charles R. Fulbruge III
Clerk

No. 09-30437
Summary Calendar

ANGELO GIARDINA,

Plaintiff - Appellee

v.

ROBERT LAWRENCE,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No: 2:07-cv-06578

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Angelo Giardina brought suit against several defendants for violating his Fourth and Fourteenth Amendment rights to be free from excessive force. One of the defendants moved for judgment on the pleadings based on qualified immunity. The district court denied the motion. We AFFIRM.

Giardina alleged that on October 9, 2006, he was attacked by another driver on the roadway in New Orleans. His attacker fled on foot; Giardina

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

pursued and, using his cell phone, dialed 911 to report the incident. A National Guardsman apprehended the attacker. As Giardina stood by his vehicle, still on the line with the 911 operator, he was shot by another National Guardsman, Robert Lawrence. Giardina was then arrested for the crime of aggravated assault upon a peace officer with a firearm, even though no firearm was ever recovered from him.

Giardina filed suit under Section 1983, claiming battery under Louisiana law and excessive force and false arrest in violation of the Fourth and Fourteenth Amendments. *See* 42 U.S.C. § 1983. He sued Lawrence, the City of New Orleans, and Lieutenant Fred Austin, the police officer who ultimately arrested him.

The defendants moved for judgment on the pleadings or, in the alternative, summary judgment. The district court dismissed the false arrest claims against Lawrence, Austin, and the City of New Orleans. Denied was the motion for judgment on the pleadings or for summary judgment as to the claims against Lawrence for excessive force in violation of the Fourth and Fourteenth Amendments. That claim was the only one remaining after the dismissal of the false arrest claims. Lawrence appealed the denial of his motion for judgment on the pleadings. He argues that Giardina did not plead sufficient facts to identify a Fourth Amendment violation or to overcome qualified immunity.

We have jurisdiction to review the district court's order, even though it is not a final judgment. A district court order denying qualified immunity is reviewable under the collateral order doctrine, provided the decision is based on a question of law. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1945-46 (2009).

On appeal, we review *de novo* a district court's denial of a Rule 12(c) motion for judgment on the pleadings. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). We accept the well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Id*. at 312-13. A motion to dismiss is granted if the

plaintiff would not be entitled to relief under any set of facts provable consistent with the complaint. *Id.* at 313.

In order to state a claim for the constitutional violation of excessive force, Giardina must establish that an injury occurred that resulted directly from the use of clearly excessive force, and that the excessiveness was unreasonable. *Ontiveros v. City of Rosenberg, Tex.*, 564 F.3d 379, 382 (5th Cir. 2009).

Taking the pleaded facts in the light most favorable to Giardina, we find that he may be able to prove excessive force in violation of the Fourth and Fourteenth Amendments. It is true that the complaint did not include allegations that addressed the likely qualified immunity defense. However, a plaintiff need not anticipate the defense in the complaint. *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). Thus, Lawrence's argument that the complaint has not overcome qualified immunity is without merit.

Even though the complaint did not anticipate the defense, there are appropriate procedures which the district court has discretion to follow. The district court, on its own or on the defendant's motion, may require the plaintiff to reply to the qualified immunity defense in detail under Federal Rule of Civil Procedure 7. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995). The court may initially limit necessary discovery to the qualified immunity defense. *Id.* at 1434.

The district court did not err in denying Lawrence's motion for judgment on the pleadings on the excessive force claim. We AFFIRM.